# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| ONE STOP AUTOMOTIVE REPAIR, LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) ) |
| ATLANTIC ACCEPTANCE CORP. and RYAN LITTLE, | ) ) ) ) |
| Defendants. | ) |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

One Stop Automotive Repair, LLC (hereafter, "One Stop") hereby files this verified complaint and petition for preliminary injunction against Atlantic Acceptance Corp. (hereafter, "AAC") and Ryan Little (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1.  This is an action for fraud, breach of fiduciary duty and conversion stemming from Defendants' failure to provide One Stop with funds to which it is entitled following the sale of several vehicles.

2.  This is also an action seeking injunctive and post-judgment relief against Defendants' which are currently unlawfully holding funds belonging to

One Stop, and as a result thereof, causing permanent and irreparable harm to One Stop's business.

## PARTIES

3.  One Stop Automotive Repair, LLC is a limited liability company organized under the laws of the State of Virginia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.  One Stop Automotive Repair, LLC is a single member limited liability company with a single member, Bryan J. Thornhill, who is a citizen and resident of the State of Virginia, and is domiciled in the State of Virginia.  Mr. Thornhill resides in the State of Virginia and his place of business is located at 2920 Orange Avenue, N.E., Roanoke, Roanoke County, Virginia 24012.

4.  Atlantic Acceptance Corp. is a domestic for profit corporation organized under the laws of the State of Florida, with its principal office located at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm Beach County, Florida 33401, and may be served by serving its registered agent Valentin Rodriguez at 2465 Mercer Avenue, Suite 301, West Palm Beach, Palm Beach County, Florida 33401.

5.  Ryan Little is an individual citizen and resident of the State of Florida, and is domiciled in the State of Florida.  Mr. Little may be served at his place of business at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm

Beach County, Florida 33401. Mr. Little resides at and is domiciled at 100 Claremont Lane, Apartment 8, Palm Beach Shores, Florida 33404.

## JURISDICTION AND VENUE

6. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

**A.  The Williams Deal.**

8. On September 22, 2022, non-party B***** Williams purchased a Nissan Altima from One Stop for $13,493.96, of which $12,820.00 was financed (Ms. Williams's full name is redacted for her privacy).

9. The same day, September 22, 2022, AAC had approved Ms. Williams's financing.

10. Per the terms of the lending agreement between AAC and Ms. Williams, Ms. Williams was to pay AAC sixty-six (66) consecutive payments of $286.34.

11. Per the terms of the agreement between AAC and One Stop, upon approval and final execution of the sales documents, AAC was to fund One Stop the financed amount of $12,820.00 on behalf of Ms. Williams.

12. The agreement between AAC and One Stop did not require Ms. Williams to make any payments for funding to begin.

13. Nonetheless, Ms. Williams has made all of her regular payments in the amount of $286.34 to AAC.

14. One Stop released the vehicle to Ms. Williams and caused the title of the vehicle to be placed into Ms. Williams's name with AAC as the lien holder.

15. Despite this, AAC has failed to fund One Stop.

16. Like many car dealerships, One Stop operates on a "floor plan" financing system through a non-party.

17. In essence, the floor plan allows One Stop to purchase vehicles for placement in its showroom, and when One Stop sells the vehicles, One Stop is required to pay the floor plan its proceeds from the floor plan loan.

18. For the Nissan Altima that was sold to Ms. Williams, One Stop was required to pay the floor plan.

19. Following the sale of the Nissan Altima, due to the failure to fund by AAC, One Stop was forced to pay the floor plan out of its own funds.

20. Like most small car dealerships, One Stop operates on slim margins and was not able to fund the floor plan easily.

21. Ryan Little is the principal of AAC and personally benefits from its success.

22. Throughout November and December of 2022, AAC and Mr. Little, personally, promised to fund One Stop with the missing $12,820.00 from the Williams sale.

23. In October of 2022, Mr. Little personally promised One Stop that the $12,820.00 would be funded shortly.

24. No funding has come in whatsoever, but Ms. Williams continues to pay AAC for the loan.

**B.   The Palmero Deal.**

25. On September 30, 2022, non-party D***** Palmero purchased a Chevrolet Cruz from One Stop for $14,840.80, of which $13,341.00 was financed (Mr. Palmero's full name is redacted for his privacy).

26. The same day, on September 30, 2022, AAC had approved Mr. Palmero's financing.

27. Per the terms of the lending agreement between AAC and Mr. Palmero, Mr. Palmero was to pay AAC sixty (60) consecutive payments of $346.00.

5

28. Per the terms of the agreement between AAC and One Stop, upon approval and final execution of the sales documents, AAC was to fund One Stop the financed amount of $13,341.00 on behalf of Mr. Palmero.

29. The agreement between AAC and One Stop did not require Mr. Palmero to make any payments for funding to begin.

30. Nonetheless, Mr. Palmero has made all of her regular payments in the amount of $346.00 to AAC.

31. One Stop released the vehicle to Mr. Palmero and caused the title of the vehicle to be placed into Mr. Palmero's name with AAC as the lien holder.

32. Despite this, AAC has failed to fund One Stop.

33. For the Chevrolet Cruze that was sold to Mr. Palmero, One Stop was also required to pay the floor plan.

34. Following the sale of the Chevrolet Cruz, due to the failure to fund by AAC, One Stop was forced to pay the floor plan out of its own funds for this vehicle as well.

35. Ryan Little personally benefits from the success of this deal as well.

36. Throughout October through December of 2022, AAC and Mr. Little, personally, promised to fund One Stop with the missing $13,341.00 from the Palmero sale.

37. In January, 2023, Mr. Little personally promised One Stop that the $13,341.00 would be funded shortly.

38. No funding has come in whatsoever, but Mr. Palmero continues to pay AAC for the loan.

**C.    The Robbins Deal.**

39. On October 3, 2022, non-party R***** Robbins purchased a Dodge Charger from One Stop for $14,535.01, of which $16,000.00 was financed (Ms. Robbins's full name is redacted for her privacy).

40. The same day, on October 3, 2022, AAC had approved Ms. Robbins's financing.

41. Per the terms of the lending agreement between AAC and Ms. Robbins, Ms. Robbins was to pay AAC sixty (60) consecutive payments of $423.81.

42. Per the terms of the agreement between AAC and One Stop, upon approval and final execution of the sales documents, AAC was to fund One Stop the financed amount of $16,000.00 on behalf of Ms. Robbins.

43. The agreement between AAC and One Stop did not require Ms. Robbins to make any payments for funding to begin.

44. Nonetheless, Ms. Robbins has made all of her regular payments in the amount of $423.81 to AAC.

7

45. One Stop released the vehicle to Ms. Robbins and caused the title of the vehicle to be placed into Ms. Robbins's name with AAC as the lien holder.

46. Despite this, AAC has failed to fund One Stop.

47. For the Dodge Charger that was sold to Ms. Robbins, One Stop was also required to pay the floor plan.

48. Following the sale of the Dodge Charger, due to the failure to fund by AAC, One Stop was forced to pay the floor plan out of its own funds for this vehicle as well.

49. Ryan Little personally benefits from the success of this deal as well.

50. Throughout October through December of 2022, AAC and Mr. Little, personally, promised to fund One Stop with the missing $16,000.00 from the Robbins sale.

51. In January, 2023, Mr. Little personally promised One Stop that the $16,000.00 would be funded shortly.

52. No funding has come in whatsoever, but Ms. Robbins continues to pay AAC for the loan.

**D.     The Damages.**

53. As a result of Defendants' failure to fund One Stop with the total $42,161.00 ($12,820.00 + $13,341.00 + $16,000.00), which has gone on since

September of 2022, One Stop has suffered the extreme harm of not having access to their funds.

54. The continued nonpayment causes One Stop to have suffered, and to continue to suffer, irreparable harm in the form of permanent damage to its floor plan.

55. Ordering the AAC to fund the Williams, Palermo and Robbins deals in the amount of $42,161.00 will not result in any harm to AAC, as Mr. Williams, Ms. Palmero and Ms. Robbins have been making consistent payments and AAC has not raised any allegation of concern over their ability to pay.

56. One Stop is certain to prevail on the merits against Defendants, as AAC approved Mr. Williams's, Ms. Palmero's and Ms. Robbins's loans, One Stop titled and provided the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins, and Mr. Williams, Ms. Palmero and Ms. Robbins have made regular payments for the vehicles.

57. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

58. One Stop now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Williams, Palmero and Robbins funds in the amount of $42,161.00.

59. One Stop has made numerous demands of all Defendants pursuant to the factual statements made herein, and although Defendants have agreed to release the funds, no funds have been released.

## COUNT I
### Fraud
### Against Both Defendants

60. One Stop restates paragraphs 1-59 and incorporates said paragraphs herein by reference.

61. AAC approved the Williams loan on September 22, 2022; the Palmero loan on September 30, 2022; and the Robbins loan on October 3, 2022.

62. AAC and Mr. Little also repeatedly assured One Stop that it would fund the Williams, Palmero and Robbins loans in a timely fashion, which induced One Stop to release the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins.

63. After One Stop released and titled the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins, Defendants failed to fund the loans.

64. One Stop has been damaged by this failure to fund in the amount of $42,161.00 in lost revenues, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

65. Defendants are liable to One Stop for fraud in the amount of at least $542,161.00.

## COUNT II
### Breach of Fiduciary Duty
### Against Both Defendants

66. One Stop restates paragraphs 1-65 and incorporates said paragraphs herein by reference.

67. AAC approved the Williams loan on September 22, 2022; the Palmero loan on September 30, 2022; and the Robbins loan on October 3, 2022.

68. AAC and Mr. Little also repeatedly assured One Stop that it would fund the Williams, Palmero and Robbins loans in a timely fashion, which induced One Stop to release the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins.

69. After One Stop released and titled the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins, Defendants failed to fund the loans.

70. In agreeing to fund the loans subject to the Williams, Palmero and Robbins deals, Defendants became fiduciaries of the $42,161.00 held on behalf of One Stop to be released to One Stop.

71. In failing to fund the loans, Defendants breached their fiduciary duty to One Stop.

72. One Stop has been damaged by this breach of fiduciary duty in the amount of $42,161.00 in lost revenues, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

73. Defendants are liable to One Stop for breach of fiduciary duty in the amount of at least $542,161.00.

### COUNT III
### Conversion
### Against All Defendants

74. One Stop restates paragraphs 1-73 and incorporates said paragraphs herein by reference.

75. AAC approved the Williams loan on September 22, 2022; the Palmero loan on September 30, 2022; and the Robbins loan on October 3, 2022.

76. AAC and Mr. Little also repeatedly assured One Stop that it would fund the Williams, Palmero and Robbins loans in a timely fashion, which induced One Stop to release the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins.

77. After One Stop released and titled the vehicles to Mr. Williams, Ms. Palmero and Ms. Robbins, Defendants failed to fund the loans.

78. In agreeing to fund the loans subject to the Williams, Palmero and Robbins deals, Defendants became fiduciaries of the $42,161.00 held on behalf of One Stop to be released to One Stop.

79. In failing to remit payment of the set fund of $42,161.00 held on behalf of One Stop, Defendants converted the set fund of $42,161.00 to their own use.

80. One Stop has made repeated demand for the set fund of $42,161.00, but Defendants have failed to provide the funds.

81. One Stop has been damaged by this conversion in the amount of $42,161.00 in lost revenues.

82. Defendants are liable to One Stop for conversion in the amount of $42,161.00.

## COUNT IV
### Preliminary Interlocutory Injunction
### Against Both Defendants

83. One Stop restates paragraphs 1-82 and incorporates said paragraphs herein by reference.

84. Defendants are in improper possession of $42,161.00 which is earmarked for One Stop.

85. As a result of this failure to remit the $42,161.00, which has existed since September of 2022, One Stop has suffered the extreme harm of not having access to the funds, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

86. The continued failure to remit the funds causes One Stop to have suffered, and to continue to suffer, irreparable injury and harm.

87. Ordering the release of the funds by Defendants will not result in any harm to Defendants, as Mr. Williams, Ms. Palmero and Ms. Robbins have been

making consistent payments and AAC has not raised any allegation of concern over Mr. Williams's, Ms. Palmero's and/or Ms. Robbins's ability to pay.

88. One Stop is certain to prevail on the merits against Defendants.

89. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

90. One Stop now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Williams, Palmero and Robbins funds in the amount of $42,161.00.

91. A preliminary interlocutory injunction, ordering Defendants to release the $42,161.00 immediately, is proper.

### COUNT IV
### Attorneys' Fees
### Against Both Defendants

92. One Stop restates paragraphs 1-91 and incorporates said paragraphs herein by reference.

93. One Stop has attempted to resolve this matter amicably.

94. Defendants have repeatedly rebuffed One Stop's ovations.

95. One Stop made formal demands, to which Defendants have not responded.

96. Defendants refused to resolve this matter reasonably.

97. Defendants have been stubbornly litigious.

98. One Stop is entitled to attorneys' fees and costs for having to bring and maintain this action.

## **PRAYER FOR RELIEF**

WHEREFORE, One Stop Automotive Repair, LLC prays for judgment as requested above against Defendants and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. Punitive damages;

    d. Preliminary interlocutory injunctive relief;

    e. An award of attorneys' fees and costs in bringing and maintaining this action; and

    f. Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

One Stop Automotive Repair, LLC requests a trial by jury on all issues so triable.

Respectfully submitted, this 24th day of January, 2023.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        Florida Bar No. 0090488
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for One Stop*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| ONE STOP AUTOMOTIVE REPAIR, LLC, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) | |
| ATLANTIC ACCEPTANCE CORP. and ) RYAN LITTLE, ) ) | |
| Defendants. ) | |

## VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

STATE OF VIRGINIA )
)
COUNTY OF ROANOKE )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Bryan J. Thornhill, a principal of One Stop Automotive Repair LLC, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon his personal knowledge and belief.

This 24 day of January, 2023.

_____
Bryan J. Thornhill

ACKNOWLEDGMENT
City/County of Roanoke
Commonwealth of Virginia
The foregoing instrument was acknowledged before me this 24th day of January, 2023
by Bryan J. Thornhill
_____ Notary Public
My commission expires April 30, 2024

TAMMIE L. SMITH
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #277804
My Commission Expires April 30, 2024

17

Sworn to and subscribed before me this
\_\_\_\_ Day of January, 2023.


_____
Notary Public             (SEAL)
My commission expires: \_\_\_\_\_.